UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER, | No.  2:14-cv-0892 DAD P |
| Petitioner, | |
| v. | ORDER AND |
| GARY SWARTHOUT, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

      Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. According to the petition, petitioner is currently serving an indeterminate sentence of forty-six years to life in state prison pursuant to a conviction he suffered in 2005.  (See Petition (ECF No. 1) at 1-2.)  Petitioner does not challenge that underlying conviction in this federal habeas action, however.  Rather, he has filed this petition to attack a prison rules violation report (RVR) issued in 2012, pursuant to which he was found guilty by a prison hearing official of introducing marijuana into California State Prison-Solano.

      Petitioner alleges that correctional officers violated his state-law[1] and federal rights to due process during the RVR proceedings.  Although petitioner's description of events omits the

---

[1] Of course, alleged errors of state law are not cognizable in federal habeas proceedings. Estelle v. McGuire, 502 U.S. 621, 67–68 (1991); see also Waddington v. Sarausad, 555 U.S. 179, 192 n. 5 (2009).

1

penalty he received as a result of the challenged disciplinary conviction, the exhibits attached to his petition show that he was charged with a loss of 180 days of good-time credit.  (Petition at 16.)  He seeks an order from this court in which "the finding of guilt . . . be vacated, a new hearing granted with the proper assistance of a [staff assistant], and/or the matter dismissed and removed from [petitioner's] C-file entirely." (Id. at 4.)

I. Screening Standards

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).  This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")  When a state prisoner challenges the conditions of his

confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991).

II.  Screening Analysis

When a state prisoner challenges the legality or duration of his custody and the relief he seeks is an order for earlier or immediate release, the prisoner has stated a claim for habeas relief under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). When a state prisoner challenges the conditions of his confinement, his claims are cognizable in a civil rights action under 42 U.S.C. § 1983 rather than a habeas corpus action.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991).

In Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), the Ninth Circuit held that expungement of a prison disciplinary conviction is an available form of federal habeas relief if "expungement is likely to accelerate the prisoner's eligibility for parole." (Emphasis added.) Then, in Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), the Ninth Circuit appeared to shift the standard, stating that a prisoner had no habeas claim for expungement of a disciplinary conviction if "a successful challenge . . . will not necessarily shorten the prisoner's sentence." (Emphasis added.)  However, the following year, the Ninth Circuit held that there is a cognizable habeas claim if the outcome "could potentially affect the duration of the prisoner's confinement." Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (emphasis added).[2]  District Courts within the Ninth Circuit and even different judges in this district have then understandably disagreed whether, under various circumstances, habeas jurisdiction depends on whether a successful challenge to a prison disciplinary violation "necessarily" accelerates parole eligibility, is "likely" to accelerate it, or "could potentially affect" how long the petitioner stays in prison. See, e.g., Birdwell v. Martel, No. CIV S-10-2523 LKK EFB P, 2012 WL 761914 at *3 (E.D. Cal. Mar. 7, 2012) (comparing contradictory cases).

---

[2]  In 2011, the undersigned relied on the Bostic standard of "likelihood" to find that a prisoner who sought to vacate his disciplinary violation had stated a cognizable claim under § 2254. See Johnson v. Swarthout, No. CIV S-10-1568 KJM DAD P, 2011 WL 1585859 at *2 (E.D. Cal. Apr. 22, 2011) (observing that "a prison disciplinary conviction can and oftentimes does affect the [Board of Parole Hearing's] parole suitability determination").

The Ninth Circuit recently acknowledged that "[w]e have not made clear . . . whether a claim has to necessarily, likely, or merely potentially accelerate release from confinement to be cognizable in habeas." Nettles v. Grounds, 788 F.3d 992, 1000 (9th Cir. 2015). After examining the Supreme Court's decision in Skinner v. Switzer, 562 U.S. 521 (2011), the Ninth Circuit clarified that "in cases involving challenges to prison disciplinary proceedings, the writ of habeas corpus extends only to claims that, if successful, will 'necessarily spell speedier release.'" Nettles, 788 F.3d at 1001 (quoting Skinner, 562 U.S. at 535). "Speedier release from custody" in this context "would include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." Id.

In this case, the court finds that expunging petitioner's prison disciplinary conviction from his C-file would not necessarily lead to his speedier release from prison. The Ninth Circuit's decision in Nettles provides the current, clear legal standard and is factually on-point. In Nettles, the court found that while an RVR in the petitioner's prison record "will likely have some effect on [parole] consideration," that likelihood was "too attenuated to meet the Skinner standard." Nettles, 788 F.3d at 1003. For purposes of deciding whether petitioner in this case has stated a cognizable habeas claim, there is no distinguishable difference between the situation confronted by the Ninth Circuit in Nettles and the relief that petitioner seeks here.

The other relief requested in this case – an order restoring petitioner's good-time credits – would also stray too far from the Skinner standard that the Ninth Circuit in Nettles concluded it was bound to adopt. Petitioner's lengthy indeterminate sentence bears on this finding: this court could only speculate what effect, if any, a prison rules violation conviction suffered in 2012, with petitioner only seven years into an indeterminate sentence of forty-seven years to life imprisonment, will have on his possible parole eligibility in the distant future. See Sisk v. CSO Branch, 974 F.2d 116, 118 (9th Cir. 1992) (finding that the loss of good-time credits by state prisoners serving an indeterminate terms of twenty-five years to life in prison cannot be the basis of a cognizable federal habeas claim because the time credit forfeiture has "only a 'speculative and incidental effect' on the duration of their confinement") (citation omitted). Indeed, petitioner
/////

4

himself acknowledges here that his expected release date is so uncertain that on his petition he simply describes himself as a "lifer." (Petition at 2.)

Based on the standard announced by the Supreme Court in <u>Skinner</u> and adopted by the Ninth Circuit in <u>Nettles</u>, the undersigned finds that, for purposes of the screening requirement set by 28 U.S.C. § 1915A, petitioner has not stated any cognizable federal habeas claims in his petition pending before this court. That finding does not altogether deprive petitioner of a federal remedy. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." <u>Skinner</u>, 562 U.S. at 535 n. 13 (emphasis added). Therefore, if petitioner wishes to pursue a federal claim that prison officials violated his right to due process in finding him guilty of the disciplinary offense of introducing marijuana into prison, he must proceed with a civil action brought under the Civil Rights Act, 42 U.S.C. § 1983.

Finally, it is true that federal courts have the discretion to construe a habeas petition as a civil rights complaint. See <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971); <u>Gaytan v. Hodges</u>, No. 1:13-cv-0293-LJO-SKO-HC, 2013 WL 1003664 at *2 (E.D. Cal. Mar. 13, 2013). However, the undersigned declines to do so here. First, if this habeas petition were construed as a complaint brought under the Civil Rights Act, petitioner would be obligated to pay the filing fee of $350.00 for a non-habeas civil action – a significant increase from the $5.00 fee required for the filing of a federal habeas petition.[3] See <u>Gaytan</u>, 2013 WL at 1003664 at *2. Second, the screening standards that the court must apply to a civil rights complaint under 28 U.S.C. § 1915A are not the same as those it applies in screening habeas actions. Petitioner should therefore be given the

/////

/////

/////

---

[3] Of course, petitioner could apply to proceed in forma pauperis under 28 U.S.C. § 1915 and thus pay the $350.00 filing fee through periodic withdrawals from his prison trust account. The court notes, however, that petitioner has not paid the $5.00 due for his habeas petition, nor has he filed an application to proceed in forma pauperis in lieu of that nominal fee. Petitioner may determine that he does not wish to pursue a civil rights action with its accompanying filing fee.

opportunity to state his claims with the basic elements of the Civil Rights Act in mind, beginning with the necessity to name the appropriate prison officials as defendants.[4]

### III. Conclusion

Based on the foregoing, the undersigned finds that petitioner does not seek any relief available under 28 U.S.C. § 2254. The undersigned further declines to construe the petition as a civil rights complaint. Instead, the undersigned will recommend that petitioner be granted thirty days from the date of this order and findings and recommendations in which to file a complaint alleging claims under the Civil Rights Act, 42 U.S.C. § 1983, if he so chooses.[5] See Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir.1991) ("[I]f, as in this case, [plaintiff] asks for habeas corpus when he should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored."); Young v. California, No. C 10-4278 LHK (PR), 2010 WL 4919072 at *2 (N.D. Cal. 2010) ("[T]he complaint will be dismissed with leave to amend so that Plaintiff may either file an

---

[4] Any civil rights complaint petitioner elects to file must give fair notice to the named defendants and state the elements of each claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A civil rights plaintiff must allege, with at least some degree of particularity, overt acts in which defendants engaged that support plaintiff's claim. Id. Therefore the complaint must allege in specific terms how each named defendant is involved in the alleged constitutional violation. There can be no liability under § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). It is well established that a state actor in a supervisory position (such as a prison warden) cannot be held individually liable in a civil rights action for the constitutional violations of a subordinate. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim against a supervisor, a plaintiff must aver some causal connection between the supervisor's conduct and the violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

[5] If petitioner chooses to file a civil rights complaint, the court cannot refer to his dismissed habeas petition in order to make the complaint complete. Local Rule 220 requires that a new complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Although petitioner in this case would be filing, in effect, an original civil rights complaint, the stand-alone pleading requirement stated in Local Rule 220 and Loux v. Rhay will apply with equal force.

amended civil rights complaint, or a habeas petition."). If, however, petitioner decides he does not wish to pursue his claims in this court through a civil rights action, he should file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). Petitioner is apprised that failure to file a complaint or otherwise respond to this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

Finally and as noted at the outset, this court has no federal habeas jurisdiction over any claims alleging violations of state law. If petitioner decides to file a federal civil rights complaint as described above, he may allege his state law claims in that complaint and seek the court's exercise of its supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(a).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action.

IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed with leave to file a complaint in this case under the Civil Rights Act, 42 U.S.C. § 1983.

2. In the event the assigned District Judge adopts these recommendations, petitioner be granted thirty days from the date of that adoption in which to file a complaint for alleged violations of his civil rights or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////
/////

petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
elde0892.screen