UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER,<br><br>    Plaintiff,<br><br>    v.<br><br>E. E. SANDY, et al.,<br><br>    Defendants. | No.  2:14-cv-0892 WBS DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff challenges a prison disciplinary proceeding that resulted in a loss of 180 days good time credits. Before the court are plaintiff's application to proceed in forma pauperis and consideration of plaintiff's initial civil rights complaint.

**BACKGROUND**

Plaintiff originally brought this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (See ECF No. 1.) On screening, the court held plaintiff's claims did not sound in habeas and permitted plaintiff to file a civil rights complaint under 42 U.S.C. § 1983. (ECF Nos. 3, 5.) Plaintiff appealed the court's determination. (ECF No. 6.) On June 1, 2016, the Ninth Circuit Court of Appeals denied plaintiff's request for a certificate of appealability. (ECF No. 13.)

////

On October 13, 2015, plaintiff filed a complaint under 42 U.S.C. § 1983. (ECF No. 9.) On November 2, 2015, he filed an application to proceed in forma pauperis. (ECF No. 10.)

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

1  claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.
2  at 570). "While legal conclusions can provide the framework of a complaint, they must be
3  supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure
4  "requires only a short and plain statement of the claim showing that the pleader is entitled to
5  relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it
6  rests." Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks
7  omitted).

## II. Allegations in Plaintiff's First Amended Complaint

Plaintiff is currently incarcerated at California State Prison ("CSP")-Lancaster. His claims involve events that occurred at CSP-Solano. Plaintiff names the following defendants: Lieutenant E.E. Sandy, Lieutenant D. McClain, and Warden Gary Swarthout. (Compl. (ECF No. 9) at 2.)

From the brief statement made in plaintiff's complaint, and the attached copies of grievances, it appears that plaintiff is alleging the following. On December 11, 2011, plaintiff was found with marijuana in his possession in the visiting room. Plaintiff was charged with Introduction of a Controlled Substance into an Institution Through Visiting for Distribution. He was placed on contraband surveillance watch and subsequently moved to administrative segregation for five months. Plaintiff admitted to possession of marijuana, which he received from a visitor. On February 29, 2012, a rules violation report ("RVR") hearing was held. Plaintiff was found guilty of the charge.

Plaintiff contends defendant McClain falsely charged him with distribution, rather than possession.

Plaintiff contends defendant Sandy improperly found him guilty of the charge. According to plaintiff, Sandy "deviated sharply from the definition of distribution as defined and described in title 15 section 3016(c)." Plaintiff also complains that Sandy stated he had plead guilty to the charge and explains that he plead only to possession. Plaintiff further alleges that Sandy stated, "'If I was your old lady I would get rid of your ass! If I was her I would kick your fucking ass to

////

3

the curb!'"  Plaintiff contends that statement shows Sandy was biased against him and had a pre-determined belief that he was guilty.

Plaintiff seeks dismissal or reduction of the charge of distribution and monetary damages.

### III.  Does Plaintiff State a Cognizable Claim?

Plaintiff appears to state a due process claim that his disciplinary proceeding was unfair.

#### A.  Legal Standards for Procedural Due Process Claim

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

#### B.  Discussion

The court finds the allegations in plaintiff's complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support plaintiff's legal claims.  Id.

##### 1.  Defendant McClain

Plaintiff does not explain why he feels defendant McClain falsified charges against him. To state a claim against defendant McClain, plaintiff must show what McClain included in the charge that was false, or in what other way McClain falsified the charges.

////

### 2. Defendant Sandy

With respect to defendant Sandy, plaintiff was entitled to a fair and impartial decision-maker at the disciplinary hearing. Edwards v. Balisok, 520 U.S. 641, 647 (1997) ("The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence."); In re Murchison, 349 U.S. 133, 136 (1955) ("[a] fair trial in a fair tribunal is a basic requirement of due process"); White v. Indiana Parole Board, 266 F.3d 759, 767 (7th Cir. 2001) ("Wolff holds that prisoners are entitled to impartial decisionmakers" (citations omitted)). In order to prevail on a claim that the hearing officer was biased, a petitioner must overcome a "strong presumption that a [hearing officer] is not biased or prejudiced." Sivak v. Hardison, 658 F.3d 898, 924 (9th Cir. 2011) (quoting Rhoades v. Henry, 598 F.3d 511, 519 (9th Cir. 2010)).

Plaintiff's statement that Sandy made a rude comment to him does not show bias against him. Plaintiff fails to show Sandy had any predisposition against him or prejudged his case. See Burger v. Rios, No. 1:12-cv-0544 AWI SKO HC, 2015 WL 3402933, at *7 (E.D. Cal. May 27, 2015) (citations omitted), aff'd, 658 Fed. Appx. 335 (9th Cir. Oct. 3, 2016).

To the extent plaintiff's claim against defendant Sandy is that the finding of guilt was wrong, to establish a due process violation, plaintiff must show the finding of guilt was not supported by any evidence. Hill, 472 U.S. at 455. Due process is satisfied as long as "some evidence" supports the hearing officer's finding of guilt. Id. at 454.

### 3. Defendant Swarthout

In the body of his complaint, plaintiff does not mention defendant Swarthout. It is not clear whether plaintiff wishes to pursue a claim against Swarthout. In the attachments to plaintiff's complaint, plaintiff includes the denial of his second level appeal. That denial contains defendant Swarthout's name under a signature. (See ECF No. 9 at 9.) Plaintiff is advised that to state a claim against Swarthout, he must allege what defendant Swarthout did to violate his constitutional rights. The fact that Swarthout is the warden is not sufficient to make out a claim against him because supervisory personnel are not liable for the actions of their subordinates

5

1  under § 1983.  See Taylor v. List, 880 F.2d 1040, 1045-46 (9th Cir. 1989) ("There is no
2  respondeat superior liability under section 1983." (Citation omitted.)).  Further, a prison official's
3  processing of an inmate's appeals, without more, cannot serve as a basis for § 1983 liability.  See
4  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate
5  constitutional entitlement to a specific prison grievance procedure." (Citation omitted.)); Mann v.
6  Adams, 855 F.2d 639, 640 (9th Cir.) (due process not violated simply because defendant fails
7  properly to process grievances submitted for consideration); see, e.g., Todd v. Calif. Dep't of
8  Corr. and Rehab., 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed
9  claim based on improper "processing and handling of [ ] prison grievances," since prisoners have
10 no "constitutional entitlement to a specific prison grievance procedure") (quoting Ramirez, 334
11 F.3d at 860).

### C. Amending the Complaint

13 Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
14 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.
15 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
16 complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625
17 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named
18 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
19 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
20 v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
21 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22 Furthermore, supervisory personnel are generally not liable under § 1983 for the actions
23 of their employees under a theory of respondeat superior and, therefore, when a named defendant
24 holds a supervisorial position, the causal link between him and the claimed constitutional
25 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
26 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations of
27 official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d
28 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 9) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. The Clerk of the Court is directed to convert this action to a civil rights action.

Dated: March 7, 2017

DLB:9
DLB1/prisoner-civil rights/elde0892.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7