1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  COREY JEROME ELDER,                          No.  2:14-cv-0892 WBS DB P

12                 Plaintiff,

13       v.                                       ORDER

14  E. E. SANDY,

15                 Defendant.

16

17       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

18  under 42 U.S.C. § 1983.   On July 11, 2017, the court ordered the United States Marshal to serve

19  the complaint on defendant.  The Deputy Marshal was unable to effect service.  The Deputy

20  contacted the Litigation Coordinator at Solano State Prison and was told that defendant Sandy no

21  longer works at that facility and the prison has no forwarding information.  (See ECF No. 25.)

22  The Litigation Coordinator informed the Deputy that "it is believed [Sandy] travels in an RV."

23       In an order filed August 8, 2017, the court informed plaintiff that he must provide additional

24  information to serve defendant Sandy.  Plaintiff was advised to promptly seek such information

25  through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other available

26  means.  The court informed plaintiff that if the "required information is denied or unreasonably

27  delayed," he may seek judicial intervention.  (ECF No. 26.)   Plaintiff was provided a new blank

28  summons form.

On September 11, 2017, plaintiff submitted the summons and other documents for service. (ECF No. 27.) However, plaintiff submitted the documents for service on defendant Swarthout, who was terminated from this case on June 9, 2017, rather than E. E. Sandy. In an order filed September 14, 2017, the court again provided plaintiff with a blank summons and directed him to submit the appropriate documents for service on defendant Sandy within thirty days. (ECF No. 28.)

On October 13, 2017, plaintiff filed a document in which he seeks "judicial intervention" in locating defendant Sandy. (ECF No. 29.) Plaintiff states that he has "done both a discovery and a California Public Records Act request to no avail." However, plaintiff provides no details about what he had done to obtain an address for defendant Sandy. The court may intervene to help plaintiff locate an address where he is denied information or it is delayed. However, the court cannot locate an address for plaintiff. It is his responsibility to provide information for service of process. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Id. at 1421-22. In this case, because plaintiff has stated a claim against only one defendant, if he is unable to provide information to serve defendant Sandy, this court will recommend dismissal of this case.

Accordingly, if plaintiff wishes to proceed with this action, he must provide the court with the details about what he has done to locate information for service on defendant Sandy. And, plaintiff must provide that information in a timely manner. While pro se filings must be treated liberally and the court recognizes that an incarcerated plaintiff may have more limited access to information than one who is not incarcerated, a defendant is entitled to be served with a complaint in a reasonable period of time. Absent good cause, service of the complaint in this case should have been accomplished within ninety days after the court's order finding plaintiff stated a cognizable claim. See Fed. R. Civ. P. 4(m). The court found plaintiff's complaint stated a cognizable claim in an order filed June 9, 2017, far more than ninety days ago. (ECF No. 21.)

////

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Within twenty days of the date of service of this order, plaintiff shall inform the court just what he had done to obtain information for service on defendant Sandy. Plaintiff shall describe in detail the requests he has made for information and the responses he received. If possible, plaintiff shall attach copies of all such correspondence.

2. Plaintiff's failure to submit this information will result in a recommendation that this action be dismissed without prejudice.

Dated: October 23, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/elde0892.unserved

3