1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COREY JEROME ELDER,                        No.  2:14-cv-0892 WBS DB P

12                 Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14   E.E. SANDY,

15                 Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges he suffered a disciplinary violation in

19   violation of his due process rights.  Before the court is defendant's March 27, 2018 motion to

20   dismiss.  For the reasons set forth below, the court will recommend defendant's motion to be

21   granted.

22                              **MOTION TO DISMISS**

23         This case is proceeding on plaintiff's first amended complaint ("FAC") filed April 20,

24   2017.  (ECF No. 19.)  Plaintiff contends he suffered a due process violation because defendant

25   improperly found him guilty of a charge of Introduction of a Controlled Substance into an Institution

26   through Visiting for Distribution without any evidence that he intended to distribute the marijuana.

27   As a result, plaintiff lost 180 days of good time credits and was placed in administrative segregation.

28   ////

                                          1

1    I.      **Legal Standards**

2           A.   **Standard of Review on Motion to Dismiss**

3           Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for

4    "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a

5    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

6    plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

7    Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

8    factual content that allows the court to draw the reasonable inference that the defendant is liable

9    for the misconduct alleged." Id. The court must accept as true the allegations of the complaint,

10   Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading

11   in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se

12   complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic

13   recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal,

14   556 U.S. at 678.

15          A motion to dismiss for failure to state a claim should not be granted unless it appears

16   beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

17   entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.

18   Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than

19   those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).

20          The court must give a pro se litigant leave to amend his complaint "unless it determines

21   that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith,

22   203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.

23   1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential

24   elements of the claim that were not pled. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d

25   266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court

26   "may 'generally consider only allegations contained in the pleadings, exhibits attached to the

27   complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of

28   ////

Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

### B. Due Process Standards for Review of Disciplinary Proceedings

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556–57, 571–72 n.19.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

Additionally, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the

conclusion reached." Id. at 455–56. However, the evidence must have some indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

**II.     Analysis**

The only due process aspect of his disciplinary hearing challenged by plaintiff is whether "some evidence" supported the determination of defendant that plaintiff possessed the marijuana with intent to distribute. As set out above, in determining whether plaintiff has stated a cognizable cause of action that insufficient evidence supported defendant's ruling, this court is limited to considering the allegations contained in the pleadings, the exhibits attached to the complaint, and any matters properly subject to judicial notice.

Plaintiff's complaint shows the following. On December 11, 2011, plaintiff was found with marijuana in his possession. (FAC (ECF No. 19 at 3).) He had fourteen individually wrapped bindles of marijuana. (Comp. (ECF No. 1 at 20).[1]) After he was placed on contraband watch, he passed an additional nine bindles of marijuana. (Id. at 27.) The total weight of all 23 bindles was less than one ounce. (Id.)

At his rules violation hearing, plaintiff did not dispute that he was in possession of the drugs. (Id. at 22.) However, he stated that the marijuana was for his personal use and he "had no intention of selling it." (Id.)

The findings of defendant Sandy, the hearing officer, were: (1) plaintiff admitted he was in possession of the marijuana; (2) plaintiff admitted that his visitor, who brought him the burrito containing the marijuana, had "been trafficking narcotics into the prison to him every other week for the past two (2) months;" (3) the amount of marijuana, based on defendant's experience, "far exceeds what is commonly determined to be personal use;" and (4) plaintiff told officers on the day he was discovered with the marijuana that he was "glad this is over." Defendant described this last statement as one that "would lead a prudent person to believe the marijuana was not for [plaintiff's] personal use but that of drug trafficking for distribution." (Id. at 23.)

---

[1] While plaintiff did not attach this document to his FAC, he provided it to the court as an exhibit to his original complaint and does not dispute its accuracy. Therefore, the court finds it appropriate for consideration on a motion to dismiss.

1    Afterward, plaintiff plead guilty to a criminal charge of possession.  (Id. at 35-36.)

2    When considering whether "some evidence" supported a disciplinary finding, this court

3    does not examine the entire record, evaluate the credibility of witnesses, or reweigh the evidence.

4    Hill, 472 U.S. at 455.  The facts that plaintiff was in possession of twenty-three individually

5    wrapped bundles of marijuana and that he had been receiving this sort of marijuana delivery

6    every other week for two months was sufficient evidence to support defendant's finding that

7    plaintiff possessed the marijuana with intent to distribute it.  See Clarke v. Tarnoff, No. 1:09-cv-

8    0267-LJO-DLB PC, 2009 WL 1582897, at *5 n.1 (E.D. Cal. June 4, 2009) (amount and

9    packaging of drugs found was indicative of distribution and provided "some evidence;" court

10   finds plaintiff did not state a cognizable due process claim); Hunter v. Hedgpeth, No. 1:07-CV-

11   0674 AWI GSA HC, 2008 WL 4808824, at *7 (E.D. Cal. Oct. 31, 2008) (prisoner found in

12   possession of 27 individually wrapped bindles of marijuana; this was sufficient evidence to

13   support prison finding that prisoner had the bindles to distribute rather than for personal use), rep.

14   and reco. adopted, 2009 WL 393662 (E.D. Cal. Feb. 17, 2009); Moses v. Almager, No.

15   06cv1815-J (POR), 2007 WL 2429759, at *5 (S.D. Cal. Aug. 24, 2007) (possession of 13.5 grams

16   of marijuana and 50 pieces of cigarette rolling papers were some evidence that prisoner intended

17   to distribute the marijuana).

18   The court finds plaintiff has failed to allege a cognizable claim that defendant Sandy's

19   finding that he was guilty of Introduction of a Controlled Substance into an Institution through

20   Visiting for Distribution was not supported by some evidence.  The record shows evidence

21   supporting Sandy's finding.  Based on this record evidence, any amendment to the FAC to

22   attempt to state a claim against defendant Sandy would be futile.

23   Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss

24   (ECF No. 34) be granted.

25   These findings and recommendations will be submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, either party may file written

28   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/elde0892.mtd